FILED
United States Court of Appeals
Tenth Circuit

December 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY WAYNE RUSSELL,

      Plaintiff-Appellant,

v.

PAUL LANIER; WILLIAM
BURKETT; CYNTHIA FROST,

      Defendants-Appellees.

No. 10-5047
(D.C. No. 4:09-CV-00511-GKF-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

Plaintiff Gary Wayne Russell appeals pro se from a district court order entering summary judgment in favor of the defendants on his claims arising under 42 U.S.C. § 1983. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Russell was ordered to undergo treatment at the Oklahoma Forensic Center ("OFC") after being adjudicated not guilty by reason of insanity ("NGRI") on multiple charges, including illegal possession of a firearm and public intoxication. He was admitted to OFC on June 12, 2008. After a brief stay in the admissions unit, he was moved to the NGRI unit, where security is less stringent and patients generally enjoy greater privileges. A month later, however, he was transferred back to the admissions unit and his privileges were restricted because of behavioral problems. OFC officials decided to house him in the admissions unit because it is more heavily staffed and better equipped to handle patients with behavioral problems. They maintain that Mr. Russell continued to receive NGRI-mandated treatment during his stay in the admissions unit.

Unhappy with his housing assignment, Mr. Russell filed this action in August 2009 against defendants Paul Lanier, Cynthia Frost, and William Burkett, employees of OFC. His complaint alleged that his transfer back to the admissions unit in July 2008 constituted cruel and unusual punishment in violation of the Eighth Amendment.[1] Specifically, he claimed that his privileges were unduly restricted while he was in the admissions unit and that he was deprived of treatment that he should have received as an NGRI patient. In addition,

---

[1] As of December 2009, when defendants filed their summary judgment motion, Mr. Russell had been transferred back to the NGRI unit.

Mr. Russell asserted a claim of deliberate indifference to medical needs based on the defendants' alleged refusal to provide treatment for Hepatitis C.  He also accused the defendants of interfering with his legal mail.

In December 2009, the defendants filed a motion for summary judgment as to all claims.[2]  With respect to Mr. Russell's lodging assignment, defendants argued that the decision to house him in the admissions unit was not punitive, but was based on concern for his safety and that of other patients.  Defendants submitted evidence showing that Mr. Russell exhibited behavioral problems while he was in the NGRI unit and was determined to be unstable.  The defendants conceded that patients in the admissions unit enjoy fewer privileges, but they argued that the restrictions placed on Mr. Russell were necessary to address legitimate safety and security concerns.  They also produced evidence showing

_____

[2]     In the alternative, defendants requested dismissal under Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure.  The district court opted to construe the motion under Rule 56, however, and considered numerous documents submitted outside the pleadings.  *See* Fed. R. Civ. P. 12(d) (if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").  These documents included detailed treatment records of OFC medical staff, correspondence between OFC and the state court judge who ordered Mr. Russell to undergo treatment, and medical records pertinent to Mr. Russell's Hepatitis C diagnosis.

Because of the sensitive nature of the materials, the district court allowed the defendants to file them under seal, and defendants have filed a motion essentially seeking to maintain the documents' sealed status in this court.  We grant that request.

that Mr. Russell continued to receive the same treatments in the admissions unit that he had been receiving in the NGRI unit. As for his claim that he is being denied treatment for Hepatitis C, defendants produced evidence showing that after he was diagnosed, several doctors, including an infectious-disease specialist, advised Mr. Russell that he was not a good candidate for treatment due to underlying medical problems. Finally, defendants produced evidence showing that Mr. Russell's claim of mail interference was based on one isolated incident of Ms. Frost accidentally opening a package from his attorney. Ms. Frost submitted an affidavit in which she acknowledged her mistake and stated that she immediately returned the documents to Mr. Russell upon realizing that they were from his attorney. Mr. Russell did not offer any evidence to rebut the defendants' contentions.

The district court granted the defendants' motion in an opinion and order, dated April 5, 2010, concluding that Mr. Russell had failed to come forward with evidence to establish a genuine issue of material fact as to any of his constitutional claims. As an initial matter, the court noted that Mr. Russell, having been adjudicated "not guilty," is not a prisoner, and thus his claims do not fall within the Eighth Amendment's scope. It concluded that his status is similar to that of a pretrial detainee, and therefore proceeded to evaluate his claims under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (holding that pretrial detainees are protected under

the Due Process Clause rather than the Eighth Amendment ). The court explained that "[t]he determination of whether a condition of pretrial detention amounts to [unconstitutional] punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose." R. at 64 (citing *Bell*, 441 U.S. at 538). In this case, the defendants submitted uncontroverted evidence showing that the decision to house Mr. Russell in the admissions unit, as opposed to the NGRI unit, was not punitive, but "was rationally related to the legitimate governmental purpose of insuring institutional security." *Id.* at 66. They also produced unrebutted evidence showing that the treatments Mr. Russell received as an NGRI patient were not affected by his transfer to the admissions unit. Accordingly, the court found no constitutional deprivation arising out Mr. Russell's tenure in the more restrictive ward of OFC.

With respect to his deliberate indifference-to-medical-needs claim, the court observed that, generally, "[c]laims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983." *Id.* at 67 (citing *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)). As the court noted, unrebutted medical evidence established that Mr. Russell's Hepatitis C could not be treated due to a number of other medical conditions. The court recognized that part of Mr. Russell's deliberate indifference claim was based on the fourteen-month delay between his diagnosis and first appointment with an infectious-disease

specialist. But it rejected this argument, explaining that "[a] delay in medical care only constitutes a constitutional violation where the plaintiff can show that the delay resulted in substantial harm." *Id.* at 67 (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). Since the infectious-disease specialist who evaluated Mr. Russell ultimately advised against treatment, the court found that he had failed to show substantial harm as a result of any delay. Thus, the defendants were entitled to summary judgment on the deliberate indifference claim.

Finally, the court dismissed plaintiff's claim of mail interference based on *Smith v. Maschner*, 899 F.2d 940 (10th Cir. 1990), in which we rejected a similar claim stemming from mishandled legal mail. There we held that "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the plaintiff's] right to counsel or access to the courts, does not give rise to a constitutional violation." *Id.* at 944.

## II.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* (quotation omitted). Liberally construing Mr. Russell's pro se brief, *see Van Deelen v. Johnson*,

497 F.3d 1151, 1153 n.1 (10th Cir. 2007), he appears to challenge the district court's decision based on his contention that there are material facts in dispute regarding the reason for his transfer to the admissions unit, the adequacy of his medical care, and whether he was deprived of his legal mail. Having reviewed the briefs, the record, and the applicable law, we conclude that Mr. Russell has not shown any reversible error.

We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in its opinion and order, dated April 5, 2010.

Appellees' Motion to File An Appendix And To File The Appendix Under Seal is GRANTED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge